70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paulino P. PELICIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 94-3426.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Paulino P. Pelicia appeals from the April 19, 1994 initial decision of the Merit Systems Protection Board, Docket No. SE-0831-94-0226-I-1, affirming the Office of Personnel Management's ("OPM") September 22, 1993 reconsideration decision that Pelicia was not entitled to an annuity under the Civil Service Retirement Act ("CSRA"). Because the Administrative Judge (AJ) properly concluded that Pelicia presented no evidence that any of his service was "covered service" for purposes of the CSRA, we affirm.
 
 DISCUSSION
 
 2
 Pelicia bases his claim for a retirement annuity on several periods of government service. These periods were from July 11, 1946, to May 4, 1947; from July 2, 1947, to September 8, 1949; from January 29, 1952, to July 27, 1954; from July 28, 1954, to November 8, 1954; and from November 9, 1954, to January 3, 1955. The OPM found, in its reconsideration decision, that Pelicia's service, while creditable, was not covered by the CSRA. As a result, the OPM concluded that Pelicia was not entitled to annuity benefits.
 
 
 3
 The AJ affirmed the OPM's disallowance of Pelicia's retirement application. The question of his entitlement to an annuity was analyzed in two steps. First, the AJ noted that "[e]ntitlement to an annuity based on service ending before August 31, 1954 is governed by the Act of January 24, 1942, pursuant to which 'separation after any period of covered service entitled an employee to an annuity if the employee had a total of 5 years of creditable service before being separated.' Balanay v. Office of Personnel Management, 47 M.S.P.R. 219, 221-22 (1991)." Given that the unrebutted evidence that Pelicia's pre-August 31, 1954 service was either pursuant to employment contracts or under indefinite appointments, and thus excluded from CSRA coverage, the AJ concluded that Pelicia was not entitled to an annuity under the 1942 Act. Second, the AJ indicated that entitlement to an annuity based on service ending after August 31, 1954 is governed by 5 U.S.C. Sec. 8333 (1994), pursuant to which an employee must have completed at least 5 years of creditable service and served at least one of the last two years of federal service in a position covered by the CSRA. Again, given the unrebutted evidence that the last two years of Pelicia's service were under indefinite appointments, the AJ concluded that he was not entitled to an annuity under section 8333.
 
 
 4
 We must affirm the AJ's decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994).
 
 
 5
 Pelicia first contends that his service as a messman from July 27, 1947 to September 8, 1949, was covered service because it lasted longer than one year. See 5 C.F.R. Sec. 831.201(a)(1) (1995) (excluding appointments of one year or less from CSRA coverage). The AJ found, however, that this service was pursuant to a series of employment contracts, and that the notification effecting his September 8, 1949 resignation stated that he was not covered under the CSRA. This finding is supported by substantial evidence of record and must thus remain undisturbed.
 
 
 6
 Pelicia next contends that his service as a messman from January 29, 1952 to July 27, 1954, though categorized as an "excepted appointment (indefinite)" and expressly excluded from CSRA coverage by his formal Notification of Personnel Action, was not subject to the exclusion from coverage effected by section 1 of Executive Order No. 10180. Characterizing his 1952-1954 service as a messman as "a continuance of my covered service," Pelicia argues that section 3 of Order No. 10180, which preserved CSRA coverage for those "eligible for retirement benefits by continuity of service," saves his annuity from the exclusionary effect of section 1. Even if it were proper to characterize Pelicia's 1952-1954 service as a messman as a continuation of service for purposes of section 3 of Order No. 10180, a proposition we seriously doubt, the earlier service of which it was a continuation was properly found not to be covered service. This contention is unavailing.
 
 
 7
 In short, Pelicia has failed to demonstrate that any legal defect or unsupported factual predicate undermines the AJ's decision regarding his lack of entitlement to a retirement annuity. The AJ correctly concluded that Pelicia presented no evidence that any of his creditable service was covered service. Accordingly, the decision of the Merit Systems Protection Board is affirmed.